**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION a Texas reciprocal inter-insurance exchange, )))) | |
| Plaintiff, )) | |
| v. ) | Civil Action No. 2:18-CV-245 (JRG) |
| ) | |
| WELLS FARGO BANK, N.A., ) a national banking association, )) | JURY TRIAL DEMANDED |
| ) | FILED UNDER SEAL |
| Defendant. ) | |

**PLAINTIFF USAA'S MOTION TO COMPEL DEPOSITION OF PETER ALEXANDER**

Pursuant to Federal Rule of Civil Procedure 37 and Local Rule CV-7, Plaintiff United Services Automobile Association ("USAA") respectfully moves the Court to compel the deposition of Peter Alexander.

**Introduction**

Wells Fargo filed a 101 motion to dismiss on September 18, 2018 (Dkt. No. 28). Shorly after USAA filed its response to that motion, Wells Fargo, as predicted[1], filed a petition for Covered Business Method ("CBM") review with the PTO on November 8, 2018. In support of its CBM petition, Wells Fargo attached a declaration from Peter Alexander. The declaration makes clear that Mr. Alexander has personal knowledge of the relevant state of the art at the time of the patents in suit. The statements contained in Alexander's declaration are inconsistent with the positions Wells Fargo has taken in its 101 motion to dismiss.

---

[1] USAA previously noted for the court that the whole point of Wells Fargo's early 101 motion was to obtain a tactical advantage before the Patent Trial and Appeal Board. See Dkt. No. 30, 2-3.

1

USAA has subpoenaed the deposition of Peter Alexander. Wells Fargo has agreed to produce Alexander for a deposition but insists that the scope of the deposition must be limited and that USAA cannot question Alexander regarding the subject matter of his declaration to the PTO. This exception swallows the rule. Unlike typical expert declarations, Mr. Alexander claims in the declaration that he has personal knowledge of the state of the art relevant to the patents, and specifically discusses and applies this personal knowledge in the declaration. Moreover, the statements made by Alexander to the PTO are inconsistent with positions taken by Wells Fargo in the district court action and are plainly relevant. As a result, Wells Fargo's "exception" effectively blocks USAA from asking Mr. Alexander about both his personal knowledge and expert opinions that contradict the positions take in Wells Fargo's Section 101 defense in this case.

Wells Fargo has claimed that it has the right to immunize Mr. Alexander from deposition because the PTO does not allow his deposition to be taken without permission until after it renders a decision on initiation. This is wrong. There is a live Section 101 defense in this case that is the subject of a pending dispositive motion. The Federal rules expressly authorize a party that is the subject of a dispositive motion to take discovery to defend against the motion. Fed. R. Civ. P. 12(d), 26(b)(1).

USAA requests that this Court grant this motion to compel and order Alexander to be produced for a full deposition.

**Argument**

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26. "The definition of 'relevant information' in Rule 26(b)(1) is broad. 'Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.'" *Ferko v. Nat'l Ass'n for*

*Stock Car Auto Racing, Inc*., 218 F.R.D. 125, 133 (E.D. Tex. 2003) (quoting Fed. R. Civ. P. 26). "Courts construe discovery rules liberally to serve the purposes of discovery: providing the parties with information essential to the proper litigation of all relevant facts, eliminating surprise, and promoting settlement." *Id*. (internal quote omitted); *Charles E. Hill & Associates, Inc. v. ABT Electronics, Inc*., 854 F. Supp. 2d 427, 428 (E.D. Tex. 2012) ("The rules of discovery are accorded a broad and liberal treatment to affect their purpose of adequately informing litigants in civil trials."). This Court in particular "has a policy of liberal, open, and forthright discovery." *Garmin Ltd. v. Tomtom, Inc*., 2:06-CV-338(LED), 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) (Davis, C.J.).

Wells Fargo argues that because discovery is limited in CBM proceedings, USAA's discovery of Alexander should be limited. But the fact that the PTO only allows limited discovery in CBM actions has no bearing on discovery in the instant case. In its Section 101 motion, Wells Fargo argued that the claims "cover nothing more than the mental processes we all use to monitor, correct, and then take a desired photo" (Dkt. No. 28, 13), that "the claims of the Asserted Patents attempt to claim a mental process employed by even the most novice of photographers" (Dkt. No. 28, at 13), and the claims do not "effect an improvement in any other technology or technical field" (Dkt. No. 28, at 23). As discussed below, in Peter Alexander's declaration, Wells Fargo has clearly demonstrated that there were technological issues facing the industry at the time of the Check 21 Act and these issues needed technological solutions. USAA is entitled to cross examine Alexander on the disparities between Wells Fargo's positions in the two actions; these differences speak to the credibility of Wells Fargo's position.

This Court has previously held that statements by a party's expert in other proceedings can be relevant and even admissible:

> Despite using a different expert and being made out-of-court, the statements made by Dell's expert in the *Lucent* litigation are not hearsay. They are admissions. To be sure, they are (1) statements of which Dell has manifested an adoption or belief in their truth; (2) statements by a person authorized by the party to make a statement concerning the

3

subject; or (3) statements by the party's agent concerning a matter within the scope of the agency or employment. *See* FED. R. EVID. 801(d)(2)(B)-(D). Further, the statements are relevant to the damages questions before the jury. However, references to the *Lucent* litigation must be specific and narrow as certain references are more probative than others. Therefore, Motion No. 1 will be **denied**. *Abstrax v. Dell*, 2:07-CV-221-DF, Dkt. No. 284, at 2 (October 9, 2009).

Of course, admissibility is not the standard here; the only question is whether the information sought is discoverable. Clearly, it is.

In this instant case, Alexander has personal knowledge of facts which he claims are directly relevant to the state of the art at the time of the invention and which are particularly relevant to validity and to Wells Fargo's 101 motion to dismiss. Alexander testified in his declaration before the PTO that he had personal knowledge about the state of the art:

- Development "products include[ing] scanning and archiving of legal documents," including the development of "processing steps of image enhancement, redaction, alignment, rotation and storage" and the development of "client-server software applications" for "financial business applications." Paragraphs 3-4, '779 Declaration (see Appendix A) [2];
- has personal recollection of the advance in electronics that were taking place at the time that check processing was moving away from paper. Paragraph 32, '779 Declaration;
- has personal recollection of "the use of live preview viewfinders with alignment guides in digital cameras in 2009," the time period during which the '779 patent was applied for. Paragraph 41, '779 Declaration;
- has personal recollection that some camera phones had similar alignment guides in their live preview viewfinders by 2009. Paragraph 43, '779 Declaration; and
- has personal recollection of the technical issues in the field of check imaging scanning in 2009 posed by the Check 21 Act. Paragraph 140, '779 Declaration.

Moreover, Alexander claims that certain specialized ATMs and imaging scanning systems are prior art and that a POSA would be motivated to modify these systems to arrive at the patent systems. This expressly contradicts Wells Fargo's argument that the patent systems are simply

---

[2] Appendix A contains true and correct excerpts from the Alexander Declaration referenced in this motion.

4

the application of a computer to a non-technical human activity. To the contrary, Alexander's testimony makes clear that the patents operate in a technical field involving highly specialized equipment.

- "Workers in the field of check truncation based on check image capture had been pursuing various such solutions since the early 1990s. . . . Blackson, for example, describes check image processing that includes check image data field extraction and image enhancement algorithms such as de-skewing a captured image if the check was misaligned with the mechanical guides when the image was created." Paragraph 38, '779 Declaration;
- discussing ATMs and specialized image scanning systems as prior art (see generally paragraphs 31, '779 Declaration), which emphasizes that this is an improvement over technical systems;
- Observing that "correct alignment of documents being scanned has been a well known problem in the art." Paragraph 140, '779 Declaration; and
- listing numerous technical issues, including 16 image quality metrics, that had to be overcome for the industry to comply with the Check 21 Act. Paragraphs 147-152, '779 Declaration.

Alexander also concedes that technical challenges face the industry, such as skew and image quality (paragraphs 39, 147-152, '779 Declaration), the exact same technical challenges cited in USAA's brief as evidence that the field involves technical problems. Dkt. No. 44, at 6, 8, 9, 17, 22, 29, 30. In short, Alexander's testimony goes directly to the issue of why USAA's patents do not embody patent ineligible concepts. The specification, the complaint, the performance data generated at USAA, industry studies, **and now** Alexander's declaration all make clear that the USAA Patents reflect a technological solution to a technological problem.

In response, Wells Fargo has cited *Kaist IP USA v. Samsung Electronics Company, Ltd*, 3:17-mc-80050-SK in the Northern District of California, where the Magistrate Judge granted in part a motion to quash the deposition of a witness regarding comments he had made to the PTO. However, in that matter, the defendant had not filed a 101 motion to dismiss nor had the defendant made inconsistent statements to the PTO and the district court. The Federal Rules

grant USAA the right to obtain discovery that is relevant to a dispositive motion.  Fed. R. Civ. P. 12(d), 26(b)(1).  In this case, USAA has made a showing that Alexander possess information that is highly relevant to the Section 101 defense.

## Conclusion

For the foregoing reasons, USAA requests that its motion to compel be granted and that Wells Fargo be ordered to produce Peter Alexander for a deposition covering all relevant topics, including the declarations he has provided in support of Wells Fargo's CBM Petitions.

Respectfully submitted,

**PARKER, BUNT & AINSWORTH, P.C.**

*/s/ Robert Christopher Bunt*
Robert Christopher Bunt
Texas State Bar No. 00787165
Charles Ainsworth
Texas Bar No. 00783521
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Tel. (903) 531-3535
Fax (903) 533-9687
charley@pbatyler.com
rcbunt@pbatyler.com

**IRELL & MANELLA LLP**
Jason Sheasby (CA #205455), *pro hac vice*
Ben Hattenbach (CA #186455), *pro hac vice*
Anthony Rowles (CA #301209), *pro hac vice*
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
Tel. (310) 277-1010
Fax (310) 203-7199
jsheasby@irell.com
bhattenbach@irell.com
trowles@irell.com

**Attorneys for Plaintiff United Services Automobile Association (USAA)**

## CERTIFICATE OF SERVICE

I hereby certify that, on November 27, 2018, a true and correct copy of the foregoing was served to all counsel of record via CM/ECF.

> */s/ Robert Christopher Bunt*
> ROBERT CHRISTOPHER BUNT

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 40).

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(h) and (i), I certify that on November 27, 2018, lead counsel and local counsel for the parties met and conferred by telephone about the subject matter of this motion as required by and in compliance with Local Rule CV-7(h). This motion is opposed. Participants on the conference included Tom Melsheimer (lead counsel for Defendant), Jason Sheasby (lead counsel for Plaintiff), and Chris Bunt (local counsel for Plaintiff). Attorneys for the parties met and conferred about the subject matter of the motion but were unable to reach an agreement. The parties discussed their respective positions and disagreements about the issues discussed in the motion, but no agreement could be reached. The parties have met and conferred in good faith in an attempt to resolve this issue, but their discussion has conclusively ended in an impasse, requiring resolution by the Court.

> /s/Jason Sheasby
> Lead counsel
>
> /s/ Robert Christopher Bunt
> Local counsel