**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, A TEXAS RECIPROCAL INTER-INSURANCE EXCHANGE; | § § § § | |
| Plaintiff, | § § | |
| v. | § § | **CIVIL ACTION NO. 2:18-CV-00245-JRG** |
| WELLS FARGO BANK, N.A., A NATIONAL BANKING ASSOCIATION; | § § § § | |
| Defendant. | § § | |

## ORDER

Before the Court is Plaintiff United Services Automobile Association's ("USAA" or "Plaintiff") Motion to Compel the Deposition of Peter Alexander. (Dkt. No. 52.) The Court heard oral argument on the above motion on January 10, 2019. Having considered the Parties' briefing, arguments and for the reasons set forth below, the Court finds that the Motion should be and hereby is **DENIED**.

**I. BACKGROUND**

On September 18, 2018, Defendant Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant") filed a § 101 motion as a motion for judgment on the pleadings under Rule 12(c) (the "101 Motion"). (Dkt. No. 28.) After USAA filed its response,[1] Wells Fargo filed petitions for Covered Business Method ("CBM") review on November 8, 2018. (Dkt. No. 52 at 1.) In support of its CBM petitions, Wells Fargo attached expert declarations from Dr. Peter Alexander. (*Id.*) USAA alleges that in these declarations, Dr. Alexander makes statements that are inconsistent with

---

[1] USAA filed its response on October 26, 2018. (*See generally* Dkt. No. 44.) Both USAA's response and sur-reply were filed under seal while Wells Fargo's motion and reply were not filed under seal.

the positions Wells Fargo took before this Court regarding the 101 Motion.

On November 14, 2018, and after confirming that Wells Fargo would accept the subpoena on behalf of Dr. Alexander, USAA subpoenaed the deposition of Dr. Alexander under Rule 45. (*See* Dkt. No. 59-3, Ex. C. ("Rule 45 Subpoena").) However, according to the Rule 45 Subpoena, such deposition was to occur at Winston & Strawn's office in Dallas. (*See id.*) On November 27, 2018, Wells Fargo filed a motion in the Northern District of Texas to quash the Rule 45 Subpoena on behalf of Dr. Alexander. (*See* Dkt. No. 1, 3:18-mc-85.) USAA subsequently withdrew its subpoena and "replaced" it with a notice of deposition under Rule 30.[2] (Dkt. No. 6-1, Ex. A, 11/30/2018 Email from Chris Bunt to Danielle Williams; *see also* Dkt. No. 59-5, Ex. E ("Notice of Deposition").)

On November 28, 2018, USAA filed an amended complaint (the "First Amended Complaint"). (Dkt. No. 54.) The Court then denied Wells Fargo's 101 Motion as moot in light of the amended complaint but granted Wells Fargo "leave within the next fifteen (15) days [] to refile a similar motion." (Dkt. No. 61.) To date, Wells Fargo has not filed another 101 motion and it has represented that it does not intend to until after claim construction.[3] However, Wells Fargo did raise invalidity under section 101 as both an affirmative defense and counterclaim within its amended answer. (Dkt. No. 58, Amended Answer, ¶¶ 2, 142–145.)

---

[2] Wells Fargo then withdrew the motion to quash and the pending matter in the Northern District of Texas was closed.

[3] In its sur-reply, Wells Fargo makes the following representation:

> [G]iven the current posture of the case—in particular, the proximity of claim construction briefing and hearing—Wells Fargo will not re-file the Motion for Judgment on the Pleadings. Wells Fargo will consider whether to re-urge the substantial invalidity questions raised in its Motion for Judgment on the Pleadings after claim construction at summary judgment and after the PTAB decision on institution of Wells Fargo's CBM petitions.

(Dkt. No. 65 at 1–2 & n.2 (emphasis in original).)

2

On November 27, 2018 (the same day that Wells Fargo filed the motion to quash the Rule 45 Subpoena in the Northern District of Texas but before this Court denied Wells Fargo's 101 Motion as moot), USAA filed a Motion to Compel the Deposition of Peter Alexander under Rule 37 (the "Instant Motion"). (*See generally* Dkt. No. 52.) In the Instant Motion, USAA requests "that its motion to compel be granted and that Wells Fargo be ordered to produce Peter Alexander for a deposition covering all relevant topics, including the declarations he has provided in support of Wells Fargo's CBM petitions." (*Id.* at 6.)

**II.   ANALYSIS**

USAA, relying on the now moot 101 Motion as its basis for relevancy, argues that it "is entitled to cross examine Alexander on the disparities between Wells Fargo's positions in the two actions; these differences speak to the credibility of Wells Fargo's position." (Dkt. No. 52 at 3.) Wells Fargo responds that the Instant Motion is both procedurally improper and premature because a Rule 45 subpoena is required to compel a deposition, and USAA has withdrawn its subpoena. Moreover, Wells Fargo classifies Dr. Alexander as an "undisclosed consulting expert," and expert disclosures are not due in this action until June 20, 2019. (Dkt. No. 59 at 1.)

Given the absence of a live 101 motion, the Court is persuaded that there are no compelling reasons ***now pending before the district court*** which would justify deviating from this Court's usual approach to expert discovery, as laid out in the docket control order. At present, Dr. Alexander has not been designated as an expert *before this Court*. Nor has Wells Fargo submitted a declaration from Dr. Alexander in any proceeding *before this Court*; neither has Wells Fargo relied on his statements *before this Court* in any way. At this stage, the Court will not permit what amounts to a premature expert deposition as to declarations which are not *before this Court*. Doing so would undermine the Court's docket control order and signal to

3

the public and the bar that the Court's established deadlines are less than firm and reliable.

However, separate and apart from the above analysis, the Court is persuaded that both parties have used (and continue to attempt to use) this Court as a mere tool to better posture their positions as regards the co-pending CBM proceedings before the Patent Trial and Appeal Board (the "PTAB").[4] The Court does not countenance—in fact this Court is offended by—the strategic use of an Article III Court to gain a tactical advantage in any parallel proceeding. Such overtly demonstrates the parties' lack of recognition and reliance on the district court as a deliberative body. Moreover, such gamesmanship reflects a clear lack of respect for the Third Branch of our national government. This Court will not ignore such conduct.

### III. CONCLUSION

For the reasons stated above, the Court **DENIES** USAA's Motion to Compel the Deposition of Peter Alexander. (Dkt. No. 52.) However, the Court finds that the conduct of both parties in these particular circumstances warrants the Court's use of its inherent power to intervene for the purposes of dissuading and addressing the gamesmanship noted herein.

During the hearing, Wells Fargo represented in open court that it has agreed—and continues to agree—to produce Dr. Alexander for deposition so long as the deposition is limited

---

[4] One such example includes:
- Wells Fargo filing its 101 Motion pursuant to Rule 12(c) early on in the case (and just one week after the scheduling conference) but failing to re-file a similar motion despite unchanged circumstances (other than Wells Fargo filing its CBM petitions and USAA filing the Instant Motion). (*See generally* Dkt. No. 28.) Indeed, Wells Fargo argued in its opposition to USAA's Motion to Stay Briefing on the 101 Motion that "[t]o put off consideration of a defendant's threshold motion—which could well dispose of an entire case—results in inefficiencies and delays the administration of justice." (Dkt. No. 36 at 6–7.) Yet now, Wells Fargo takes the position that consideration of its 101 arguments should be postponed until the summary judgment stage. (*See* Dkt. No. 65 at 1–2 & n.2.) USAA has argued repeatedly that Wells Fargo only brought its 101 Motion at an early stage to force it to reveal its responsive position in anticipation of Wells Fargo filing for CBM review with the PTAB.
- USAA filing both its response and sur-reply to the 101 Motion under seal (presumably to keep its arguments from being used in the CBM proceedings) when the 101 Motion itself was not filed under seal.

to his personal knowledge and does not inquire into his expert declarations that were filed at the PTAB. (*See also* Dkt. No. 65 at 4 n. 5.) Accordingly, the Court **ORDERS** that Wells Fargo's stated offer to produce Dr. Alexander for deposition be held open and not withdrawn (or if already withdrawn after the hearing, without the Court's knowledge, then the same offer shall be renewed) in the face of this Order for a period of seven (7) days from the date hereof, during which USAA may either accept or reject Wells Fargo's offer. USAA's failure to affirmatively convey its acceptance of the offer during such period shall be considered a rejection, and the deposition of Dr. Alexander shall not occur thereafter without leave of the Court or in strict compliance with this Court's docket control order. However, if USAA timely accepts Wells Fargo's offer, the Court **ORDERS** that such deposition (limited as set forth above) shall take place at a mutually agreed upon time and location but in all respects to be completed on or before January 31, 2019.

**So ORDERED and SIGNED this 14th day of January, 2019.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE