**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WELLS FARGO BANK, N.A., a national banking association,<br><br>　　　　Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:18-CV-245-JRG<br><br>**JURY TRIAL DEMANDED**<br><br>**FILED UNDER SEAL** |

**UNITED SERVICES AUTOMOBILE ASSOCIATION'S OPPOSITION TO
DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR PARTIAL
SUMMARY JUDGMENT UNDER 35 U.S.C. § 287(a)**

## I.      RESPONSE TO STATEMENT OF ISSUES

USAA respectfully submits that Wells Fargo's motion should be denied because Wells Fargo had constructive or actual pre-suit notice of USAA's Asserted Patents.

## II.     RESPONSE TO STATEMENT OF ALLEGED UNDISPUTED FACTS

Undisputed.

## III.    Deposit@Mobile WAS MARKED NO LATER THAN DECEMBER 5, 2016

"[C]ompliance with the marking statute is a question of fact." *Gart v. Logitech, Inc.*, 254 F.3d 1334, 1339 (Fed. Cir. 2001) (citation omitted). Wells Fargo's motion as to actual marking depends on a single argument: "[s]ummary judgment is appropriate that the evidence pointed to by Mr. Weinstein—indeed, the only evidence of any marking put forth by USAA—does not satisfy the marking requirements of § 287(a), because there is no evidence that this 'patent marking page' was affixed to the Deposit@Mobile application or was accessible to the public." MSJ at 5.

The document to which Wells Fargo refers—code for USAA's Deposit@Mobile product in Exhibit E—on its face establishes what the marking page of the product stated and the date on which it was added:

MSJ Ex. E. In the unlikely event that the parties do not stipulate to authenticity of their respective business records, a USAA employee witness knowledgeable about the Deposit@Mobile code will authenticate these documents at trial. Fed. R. Evid. 901(b)(1).

Exhibit D to Wells Fargo's motion—another code excerpt—confirms that this update to Deposit@Mobile was publicly released on December 15, 2016 at 10:43:02 AM. This is apparent because it uses the same "component" name as Exhibit E. Wells Fargo's motion essentially ask this Court to replace a jury and weigh evidence that is in the record.

In its August 28, 2018 P.R. 3-1(f) disclosures (nearly a year before the close of fact discovery) USAA disclosed that Deposit@Mobile practices the patents in suit. Ex. 1, 16. At the same time USAA offered to allow inspection of its code, consistent with the protective order, on August 27 and again on August 28, 2018. *Id*; Ex. 2. Because of its sensitivity, the protective order specifies in person review as opposed to physical production of code. No inspection request was made by Wells Fargo. Engineers who were knowledgeable as to how Deposit@Mobile works were deposed after the source code was made available for inspection.[1]

Finally, Dr. Villasenor testified that he treats the parent and child patents as the same. For example, as to the '090 patent he accepted that the same infringement analysis applied to both. Ex. 3 (Villasenor Dep.), 178:24-179:8. As a result, a triable issue of fact exists as to whether marking of the parent is sufficient marking for the child, especially given the inclusion of the patent pending language.

## IV.     WELLS FARGO HAD ACTUAL NOTICE OF THE PATENTS-IN-SUIT

As a second, independent basis to deny Wells Fargo's motion, Wells Fargo had actual pre-suit notice of infringement. *See* 35 U.S.C. § 287(a); *Monsanto Co. v. Bowman,* 657 F.3d 1341, 1349 (Fed. Cir. 2011) ("Because Bowman received actual notice under § 287(a) as of June 11, 1999, the court need not reach the issue of constructive notice through marking.").

As discussed below, USAA notified Wells Fargo of its patents in 2017 and asked Wells Fargo to take a license. For example, in its Response to Interrogatory No. 4, Wells Fargo

---

[1] Wells Fargo elicited testimony that Deposit@Mobile practices the patents. Ex. 4 (Prasad Dep.), 72:17-75:7.

expressly admits: ██████████████████████████████████████████████████

██████████████████████████████████████████████████████████████ Ex.

5, Wells Fargo Interrogatory Response No. 4. Wells Fargo's damages expert similarly admits in

his report, ████████████████████████████████████████████████████

██████████████████████████████ Ex. 6 (Gerardi Report), ¶ 80.

Further, Wells Fargo has repeatedly acknowledged that, on February 3, 2018, USAA

sent to Wells Fargo a list of patents, specifically including the '571, '517, and '779 patents, as

well as detailed infringement claim charts for the '571 and '779 patents. Ex. 5; Ex. 6, ¶ 80 & n.

105-107. Wells Fargo 30(b)(6) witness Ajami, in the testimony cited by Wells Fargo's damages

expert, also expressly admits that ████████████████████████████████████

████████████████████████████████████████████████████ Ex. 7 (Ajami

Dep.), 124:7-21. Further, at the deposition of USAA witness Mr. McKinley, Wells Fargo

affirmatively introduced the February 3, 2018 document and elicited from Mr. McKinley

testimony ██████████████████████ Ex. 8 (McKinley Dep.), 131:17-133:25

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████

Wells Fargo's argument that "the Court cannot consider the [February 3, 2018] email"

pursuant to Federal Rule of Evidence 408 and a confidentiality agreement is not well taken. It is

black letter law that "[i]f a party who has objected to evidence of a certain fact himself produces

evidence…of the same fact, he has waived his objection." *Ohler v. U.S.*, 529 U.S. 753, 755-56

(2000) (quoting 1 J. Strong, McCormick on Evidence § 55, p. 246 (5th ed. 1999)). Wells Fargo

has repeatedly and intentionally injected into these proceedings its knowledge of the patents in

- 3 -

suit deriving from its pre-suit interactions with USAA.[2] ████████████████████

████████████████████████████████████████████████████████

████████████████████ Wells Fargo thus cannot now claim that Rule 408

or the parties' agreement precludes any use of the e-mail in these proceedings.

Moreover, "Rule 408 is inapplicable when evidence of the compromise is offered to

prove notice." Fed. R. Evid. 408 Committee Notes on Rules, 2006 Amendment. Yet under

Wells Fargo's expansive interpretation of the parties' agreement, it would be impossible for

USAA to ever put it on notice of any patents, because the agreement relates to all

communications regarding RDC. MSJ Ex. F, at USAA_WF073192.

In summary, the evidence of Wells Fargo's actual notice includes (1) the admissions of

its witnesses, damages expert, and interrogatory responses confirming that USAA approached

Wells Fargo in 2017 regarding licensing its mobile deposit patents, (2) admissions from the

same source that USAA specifically provided Wells Fargo with infringement charts for the '571

and '779 patents (the respective parents of the other two asserted patents), and a list that

included the '517 patent, and (3) testimony from USAA witness McKinley. This creates a triable

issue of fact of actual notice. *See e.g., Convolve, Inc. v. Dell, Inc.,* 2011 WL 13089714, at *1 (E.D.

Tex. July 8, 2011) (Everingham, J.) (denying summary judgment of no pre-suit damages given

genuine issue of fact whether defendants received actual notice); *Elbit Sys. Land and C4i Ltd. v.*

*Hughes Network Sys., LLC,* 2017 WL 4693971, at *2 (E.D. Tex. July 31, 2017) (Schroeder, J.)

(same).

---

[2] Wells Fargo's decision to affirmatively introduce evidence of its pre-suit knowledge of the patents in these proceedings was not accidental. Rather, it was an intentional decision made, among other reasons, to plead its now-abandoned defense of equitable estoppel, which requires pre-suit knowledge. *A.C. Aukerman Co. v. R.L. Chaides Constr. Co.,* 960 F.2d 1020, 1042 (Fed. Cir. 1992) (to satisfy the reliance element of equitable estoppel, "the alleged infringer cannot be unaware . . . of the patentee and/or its patent").

Finally, Wells Fargo's back-up argument that the evidence of notice is specific to the '779 and '571 Patents is not well taken.  First, the '517 patent was specifically called out in the licensing discussions, as discussed above. Further, the '779 and '571 patents are the respective parents of the '517 and '090 patents. A jury could readily find that Wells Fargo's admitted actual notice of the parent patents extends to the child patents. *Arthrex, Inc. v. Smith & Nephew, Inc.*, Case No. 15-cv-1047-RSP, Dkt. No. 275 at 4-6 (E.D. Tex. Nov. 29, 2016) (concluding that a "reasonable juror could conclude that the scope of notice [regarding a parent patent]…. expanded to include notice of infringement of the [child] patent after the [child] patent issued."). In fact, Dr. Villasenor in his deposition claimed ███████████████████ ███████████████████████████████████████████ Ex. 3 (Villasenor Dep.), at 178:24-179:8. Second, the parties' 2017 licensing negotiations, which Wells Fargo admits addressed all of USAA's "remote deposit capture patent[s]," (Ex. 6), on their own are sufficient evidence of actual notice of the '517 and '090 patents. "[A]s long as the communication from the patentee provides sufficient specificity regarding its belief that the recipient may be an infringer, the statutory requirement of actual notice is met." *Gart*, 254 F.3d at 1345-46; *see also Elbit Sys. Land and C4I Ltd. v. Hughes Network Systems, LLC*, 2017 WL 2651618, at *7 (E.D. Tex. June 20, 2017) (evidence that licensing agent offered license to patents sufficient to defeat § 287 summary judgment motion based on alleged lack of notice) (J. Payne); *Lucent Techs., Inc. v. Gateway, Inc.*, 470 F. Supp. 2d 1180, 1184-86 (S.D. Cal. 2007) (summary judgment denied because licensing communications raised fact question of actual notice).

## V.    CONCLUSION

USAA respectfully requests that the Court deny Wells Fargo's motion.

DATED: September 2, 2019

Respectfully submitted,

By: */s/ Robert C. Bunt*

Jason Sheasby - *Pro Hac Vice*
Lead Attorney
Lisa Glasser - *Pro Hac Vice*
Anthony Rowles - *Pro Hac Vice*
IRELL & MANELLA LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Telephone: (310) 277-1010
Facsimile:  (310) 203-7199

Robert C. Bunt
TX Bar No. 00787165
PARKER, BUNT & AINSWORTH, P.C.
100 E. Ferguson, Suite 1114
Tyler, Texas 75702
Telephone: (903) 531-3535
Facsimile:  (903) 533-9687

**Attorneys for Plaintiff United Services Automobile Association (USAA)**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2019 I caused a copy of the foregoing **document**

to be served by electronic mail on Defendant's counsel of record.


*/s/ Benjamin Manzin-Monnin*
Benjamin Manzin-Monnin

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed

under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 40).

/s/ Robert Christopher Bunt
Robert Christopher Bunt