**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:18-CV-245-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| WELLS FARGO BANK, N.A., a national banking association, | § § § | **FILED UNDER SEAL** |
| Defendant. | § § § | |

**UNITED SERVICES AUTOMOBILE ASSOCIATION'S OPPOSITION TO
DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY
JUDGMENT OF NO INDIRECT INFRINGEMENT**

## I.      INTRODUCTION

Wells Fargo moves for summary judgment of "no indirect infringement," on the purported ground that a reasonable juror could not find that Wells Fargo intended any act of infringement. Wells Fargo cites no evidence in support of in its motion, instead simply referring the Court to its other motions for summary judgment. As set forth below and in USAA's oppositions to Wells Fargo's other motions, however, there is substantial record evidence of Wells Fargo's knowledge that its Remote Mobile Deposit system infringes.

## II.     RESPONSE TO STATEMENT OF ISSUES

USAA respectfully submits that the motion should be denied because there is, at the very minimum, a genuine dispute regarding Wells Fargo's knowledge of acts of direct infringement.

## III.    RESPONSE TO STATEMENT OF ALLEGED UNDISPUTED FACTS

Undisputed.

## IV.     LEGAL STANDARD

Indirect infringement requires "knowledge that the induced acts constitute patent infringement." *Global-Tech Appliances Inc. v. SEB S.A.*, 583, U.S. 754, 764 (2011). Either actual knowledge or willful blindness is sufficient. *Id.* Willful blindness is found where the defendant "subjectively believe[s] that there is a high probability that a fact exists," and "take[s] deliberate actions to avoid learning of that fact." *Id.* at 769. "At least some intent is required," which simply means that the defendant take "affirmative steps to bring about the desired result." *Id.* at 761. Here, there is at least a triable issue with respect to both actual knowledge and willful blindness.

## V.      WELLS FARGO KNEW OR, AT A MINIMUM, WAS WILLFULLY BLIND TO INFRINGEMENT

The record is replete with evidence of Wells Fargo's actual knowledge of the asserted patents, both pre-suit and post-suit. The evidence of actual pre-suit knowledge includes Wells Fargo's own interrogatory responses, expert reports, and testimony of both Wells Fargo and

USAA witnesses. *See, e.g.,* Ex. 1 (Interrogatory Response No. 4) ████████████

████████████████████████████████████████████████████████████████

███████ ; Ex. 2 (Gerardi Report), ¶ 80 ████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████ ; Ex. 3 (Ajami

Dep.), 124:7-21; Ex. 4 (McKinley Dep.), 113:9-114:24, 131:17-133:25.[1] USAA's marking of its

Deposit@Mobile product also provided notice.[2] Further, Wells Fargo asserted in its Answer and

a verified interrogatory response the defense of equitable estoppel, which requires knowledge.

*A.C. Aukerman Co. v. R.L. Chaides Constr. Co.*, 960 F.2d 1020, 1042 (Fed. Cir. 1992) (for equitable

estoppel, "the alleged infringer cannot be unaware . . . of the patentee and/or its patent"). Dkt.

77; Ex. 1 (Interrogatory Response No. 6).

Further, even after the litigation was filed, rather than abate its infringement, Wells Fargo

continued to release new product updates containing the infringing technology. Ex. 5, ¶ 64 (Wells

Fargo implemented MiSnap version 3.7.1 for iOS on September 25, 2018, version 3.7 for Android

on September 25, 2018, and version 3.7.1 for Android on December 11, 2018). *See Meetrix IP,*

*LLC v. Cisco Sys., Inc.*, 2018 WL 8261315, at *3 (W.D. Tex. Nov. 30, 2018) (post-suit knowledge

supports finding of indirect infringement).

Wells Fargo's argument that the February 3, 2018 infringement charts are inadmissible is

not well taken. As an initial matter, as discussed above, Wells Fargo admittedly knew of the

asserted patents by February 2018; whether or not the claim charts themselves are admitted

cannot change this fact. Further, Wells Fargo cannot object to USAA's use of the very document

that Wells Fargo has repeatedly cited in its own interrogatory responses and even in its expert

---

[1] To the extent Wells Fargo incorporates by reference Sections IV.a. and IV.b. of its Motion for Summary Judgment of No Willful Infringement, USAA incorporates Sections V and VI of its Opposition to that motion.

[2] To the extent Wells Fargo incorporates by reference its Motion for Partial Summary Judgment Under 35 U.S.C. 287(a), USAA incorporates by reference Section III of its Opposition to that motion.

report. *See Ohler v. U.S.*, 529 U.S. 753, 755-56 (2000) ("If a party who has objected to evidence of a certain fact himself produces evidence…of the same fact, he has waived his objection.") (quoting 1 J. Strong, McCormick on Evidence § 55, p. 246 (5th ed. 1999)). In any event, "Rule 408 is inapplicable when evidence of the compromise is offered to prove notice." Fed. R. Evid. 408 Committee Notes on Rules, 2006 Amendment; *see also, e.g.*, *Spell v. McDaniel*, 824 F.2d 1380, 1400 (4th Cir. 1987) (evidence of settlement "was properly admitted to show, as an essential element of Spell's 'condoned custom' theory of liability, that the City was sufficiently aware of the existence of a developed practice or custom of such conduct.").

Wells Fargo claims that, at most, it had "knowledge that [its] acts might infringe," because infringement is "hotly contested." MSJ at 4. This argument, however, does not track the legal standard, which is subjective intent. Wells Fargo submits **no** evidence that it subjectively believed that its products did not infringe when released. *Unwired Planet, LLC v. Apple Inc.*, 829 F.3d 1353, 1363 (Fed. Cir. 2016) (reversing summary judgment of no indirect infringement; improper to find no intent based on the reasonableness of defendant's noninfringement defenses during litigation rather than "the subjective knowledge of the accused infringer" at the time of infringement).

Indeed, the record contains substantial evidence that Wells Fargo subjectively intended to infringe. It is well-settled that knowledge of the patentee's patents, coupled with the existence of any "red flags" such as copying, are sufficient for a jury to find intent. *Barry v. Medtronic, Inc.*, 2015 WL 11070284, at *3 (E.D. Tex. July 21, 2015) (noting as example of a red flag "evidence suggesting that defendants copied at least certain aspects of [plaintiff's] service"). Here, the record is replete with evidence that Wells Fargo copied USAA's product, as discussed below. At the very minimum, the jury could readily find that Wells Fargo was willfully blind to the infringement. *Global-Tech.*, 563 U.S. at 769 (evidence that the defendant copied its competitors' product, but failed to have its patent attorney search specifically for the competitor's patents, "plainly sufficient to support a finding of [] knowledge under the doctrine of willful blindness.").

Wells Fargo was aware that USAA had filed for RDC patents by early 2010, Ex. 6 ("we…know that USAA (bank out of San Antonio, Tx) has also filed for some patents around their image capture process."). As discussed in USAA's opposition to Wells Fargo's MSJ regarding willfulness, moreover, those applications became public by 2012. Despite its knowledge of USAA's patent rights, ███████████████████████████████████████ ███████████████████████████████████████████████████ ██████████████████████████████████████████ Ex. 3 (Ajami Dep.), 129:11-135:10; *see also id.* at 10:7-11:25 ████████████████ ██████████████████████ *see also* Exs. 7-9 ██████████████ ██████████████████████████████████████████████████ ███████████████████████████ ███████████████████████████████████████████ ████████ Ex. 11 (Jitodai Dep.), 31:8-32:25. ███████████████ ███████████████████████████████████████████████ ████████ *Id.*, 27:6-35:19. ████████ Ex. 5, ¶¶ 118, 122; Ex. 12 (Villasenor Dep.), 271:1-272:22, 285:9-286:25. ██████████████████████████████████████████████ ████████ Wells Fargo had no response to this, and Wells Fargo is now using its expert to run away from the incriminating materials. ██████████████████████████████████████████ ████████ Ex. 6. Further, Wells Fargo did not release the infringing autocapture technology until May of 2014—four years after the alleged patent search. Wells Fargo has not produced **any** purported evidence that it sought or received any patent clearance in connection with the 2014 release of the infringing autocapture technology, or any of its subsequent version releases. To the contrary, there is compelling evidence that Wells

Fargo knew of USAA's patent applications even before the patents issued, and nonetheless copied USAA's product. Notably, just like in *Global-Tech*, there is no evidence that Wells Fargo advised its patent counsel that it had copied aspects of the USAA product in connection with any patent searches performed.   In summary, there is extensive record evidence of Wells Fargo's knowledge of the patents and of its own infringement, or at the very minimum its willful blindness.

## VI.      CONCLUSION

USAA respectfully requests that the Court deny Wells Fargo's motion.

DATED: September 2, 2019                          Respectfully submitted,

                                                 By: */s/ Robert C. Bunt*

                                                 Jason Sheasby - *Pro Hac Vice*
                                                 Lead Attorney
                                                 Lisa Glasser - *Pro Hac Vice*
                                                 Anthony Rowles - *Pro Hac Vice*
                                                 IRELL & MANELLA LLP
                                                 1800 Avenue of the Stars, Suite 900
                                                 Los Angeles, CA 90067-4276
                                                 Telephone: (310) 277-1010
                                                 Facsimile:  (310) 203-7199

                                                 Robert C. Bunt
                                                 TX Bar No. 00787165
                                                 PARKER, BUNT & AINSWORTH, P.C.
                                                 100 E. Ferguson, Suite 1114
                                                 Tyler, Texas 75702
                                                 Telephone: (903) 531-3535
                                                 Facsimile:  (903) 533-9687

                                                 ***Attorneys for Plaintiff United Services***
                                                 ***Automobile Association (USAA)***

**CERTIFICATE OF SERVICE**

I hereby certify that on September 2, 2019 I caused a copy of the foregoing **document**

to be served by electronic mail on Defendant's counsel of record.


*/s/ Benjamin Manzin-Monnin*
Benjamin Manzin-Monnin

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed

under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 40).

/s/ Robert Christopher Bunt
Robert Christopher Bunt