IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED SERVICES AUTOMOBILE ASSOCIATION, a Texas reciprocal inter-insurance exchange, | § § § § § | |
| Plaintiff, | § § | CIVIL ACTION NO. 2:18-CV-245-JRG |
| v. | § § | **JURY TRIAL DEMANDED** |
| WELLS FARGO BANK, N.A., a national banking association, | § § § | **FILED UNDER SEAL** |
| Defendant. | § § | |

**UNITED SERVICES AUTOMOBILE ASSOCIATION'S SUR-REPLY REGARDING DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

**I.    WELLS FARGO'S UNTIMELY ARGUMENTS REGARDING POST-SUIT WILLFULNESS HAVE NO MERIT**

In reply, Wells attempts to argue for the first time that its post-suit infringement was not willful. This argument is untimely and should not be considered. *Alexander v. Martin*, No. 2:08CV400, 2010 WL 3715165, at *2 (E.D. Tex. Aug. 20, 2010). Further, it is meritless. Wells asserts that its litigation experts ███████████████████████████████████████ ████████████████████████████████████████████████████ Reply at 2. The Supreme Court has expressly rejected this argument that "the ability of the infringer to muster a reasonable (even though unsuccessful) defense at trial" could negate willfulness. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1933 (2016). Notably, Wells presents no evidence that it had even developed these arguments when it released the infringing products, much less that anyone at Wells knew about and relied upon these arguments in doing so. And, of course, even if Wells had presented such evidence of its alleged subjective intent, that would merely present a factual dispute for the jury to consider, along with the evidence (discussed in USAA's Opposition and below) that Wells deliberately copied USAA's patented technology, then continued to expand its infringing conduct throughout this litigation knowing that it constituted infringement.

Wells Fargo contends that *M&C Innovations, LLC v. Igloo Prods. Corp.*, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) demonstrates that this is a "garden variety" patent case ill-suited for a finding of willfulness. However, the contrast between this case and *M&C Innovations* confirms the opposite. In that case, there was nothing to suggest that the plaintiff "re-dedicated itself to infringing after being served with the complaint." *Id.* Here, in contrast, there is significant evidence not only that Wells knew of the patents pre-suit, but also re-dedicated itself to infringement post-suit, releasing new product updates throughout the litigation. Opp. at 9. Wells claims that the technical act of de-activating the infringing feature is trivial, yet refuses to do so. *Id.* (citing Ajami Depo, Opp. Ex. 7, and Villasenor Report, Opp. Ex. 17, at ¶¶ 212-213.)

## II.     THERE IS SUBSTANTIAL EVIDENCE OF PRE-SUIT WILLFULNESS

As explained in USAA's Opposition, the record is replete with admissions of Wells' pre-suit notice of the '779, '517, and '571 patents. Opp. at 4. Wells' Reply simply ignores this evidence, and does not argue that any of it is inadmissible or insufficient to show notice.

Wells argues only that it did not have pre-suit knowledge of the '090 Patent. Reply at 5. But this presents a fact issue for the jury. Given that Wells had notice of the '571 patent, a jury could readily find knowledge the child '090 patent, particularly given the evidence that Wells was aware of the USAA portfolio and intentionally copied USAA's patented product. *Arthrex, Inc. v. Smith & Nephew, Inc.*, Case No. 15-cv-1047-RSP, Dkt. No. 275 at 4-6 (E.D. Tex. Nov. 29, 2016). Indeed, *M&C Innovations* explains that "well-settled Federal Circuit precedent [holds] that copying a product before issuance of a patent may support willful infringement, especially when the infringer is warned that a patent is pending." 2018 WL 4620713 at *3.

Wells argues that USAA [REDACTED] Reply at 4. This argument is both irrelevant (because it ignores all of the other evidence of Wells Fargo's pre-suit knowledge) and legally incorrect. USAA does not bear the burden to establish willfulness on the specific date of patent issuance, or any other specific date. Rather, as *Halo* makes clear, willfulness simply requires that intent in connection with "the challenged conduct," i.e., during the time period of the infringement. 136 S. Ct. at 1933. USAA has provided substantial evidence of Wells' willfulness both pre-and post-suit that, at a very minimum, creates material questions of fact.

Wells' assertion that the evidence only shows that [REDACTED] Reply at 3, simply is not supported by evidence, much less undisputed evidence. The evidence, including Wells' own admissions, is that Wells actively copied USAA's

patented product. *See* Opp. at 6-10. Wells' Reply entirely fails to address its own 30(b)(6) testimony that ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████ Opp. at 8-9. Wells also fails to address its internal documents instructing team members to ███████████████████████████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████ Opp. at 9. Indeed, this clear evidence of copying would be sufficient to support willfulness even in the absence of evidence of actual pre-suit knowledge. *See Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 769 (2011). Further, after copying USAA's technology, and knowing of USAA's pending and issued patents, Wells elected not to abate its infringement post-suit.

Finally, Wells' Reply attempts to rely on its selective waiver of an email chain from 2010 regarding a search for USAA patents. The deadline for relying on advice of counsel was June 13, 2019. Dkt. 105. This email was not produced until July 19, 2019. Rowles Dec., ¶3. Moreover, the individual who requested the advice from counsel was instructed at deposition not to answer questions about the 2010 search. Ex. 1 (Ajami Dep.) at 122:10-15 ████████████████ ███████████████████████████████████████████████████ ███████████████████████████████████████████████████ This selective waiver of privilege long after the court deadline cannot be a basis for summary judgment.

In summary, the record is replete with disputed facts from which a jury could find willfulness. *Halo Elecs.*, 136 S. Ct. at 1932 (noting as a clear example of willfulness pirating of patented technology to take business from a competitor); *Therma-Tru Corp. v. Peachtree Doors Inc.*, 44 F.3d 988, 997 (Fed. Cir. 1995) (accord); *Apple Inc. v. Samsung Elecs. Co., Ltd.*, 258 F. Supp. 3d 1013, 1027 (N.D. Cal. 2017) (accord).

| | |
|---|---|
| DATED: September 16, 2019 | Respectfully submitted, |
| | By: */s/ Robert C. Bunt* |
| | Jason Sheasby - *Pro Hac Vice*<br>Lead Attorney<br>Lisa Glasser - *Pro Hac Vice*<br>Anthony Rowles - *Pro Hac Vice*<br>IRELL & MANELLA LLP<br>1800 Avenue of the Stars, Suite 900<br>Los Angeles, CA 90067-4276<br>Telephone: (310) 277-1010<br>Facsimile:  (310) 203-7199 |
| | Robert C. Bunt<br>TX Bar No. 00787165<br>PARKER, BUNT & AINSWORTH, P.C.<br>100 E. Ferguson, Suite 1114<br>Tyler, Texas 75702<br>Telephone: (903) 531-3535<br>Facsimile:  (903) 533-9687 |
| | **Attorneys for Plaintiff United Services Automobile Association (USAA)** |

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 40).

/s/ *Robert Christopher Bunt*
Robert Christopher Bunt

**CERTIFICATE OF SERVICE**

I hereby certify that on September 16, 2019 I caused a copy of the foregoing document to be served by electronic mail on Defendant's counsel of record.

/s/ *Benjamin Manzin-Monnin*
Benjamin Manzin-Monnin