**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>     **Plaintiff,**<br><br>     v.<br><br>**WELLS FARGO BANK, N.A.,**<br><br>     **Defendant.** | **Case No. 2:18-cv-245-JRG**<br><br>**FILED UNDER SEAL** |

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION
FOR SUMMARY JUDGMENT OF NO INDIRECT INFRINGEMENT**

USAA has not identified a single piece of evidence raising a genuine issue of material fact as to any of the three elements of induced and contributory infringement raised in Wells Fargo's Motion for Summary Judgment of No Indirect Infringement ("Motion"). (Dkt. No. 130).

For the reasons explained in Wells Fargo's Motion for Partial Summary Judgment Under 35 U.S.C. § 287(a) (Dkt. No. 133) and its Motion for Summary Judgment of No Willful Infringement (Dkt. No. 134), and the corresponding Reply briefs (collectively, "Other MSJ Briefs") (all of which are incorporated by reference herein), there is no admissible evidence that Wells Fargo had pre-suit knowledge of the Asserted Patents. And even if it did, for the same reasons explained in Wells Fargo's Other MSJ Briefs, there is no evidence that Wells Fargo knew of, was willfully blind to, or intended to cause, alleged acts of infringement.

USAA omits an important detail in its Response: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ (Dkt. No. 155-7). This result is unsurprising, given USAA's intentional decision to submit its patent applications with non-publication requests. And even if Wells Fargo had re-run its search at the time it acquired the alleged infringing component of its system ▮▮▮▮▮▮ the results would have been the same because the Asserted Patents had not yet issued. Ex. A, Carreker Agreement. As a result, Wells Fargo's subsequent development of its product, including its legitimate market research, provides no evidence of any of the essential elements of indirect infringement.[1] The same can be said for Wells Fargo's post-suit conduct, which is based on its good faith belief (in part, due to the prosecution history of the Asserted Patents) that it does not infringe. The Court should grant Wells Fargo's Motion.

---

[1] Indeed, none of the evidence cited in USAA's Response specifically relates to the only claimed feature of the Asserted Patents: autocapture. At most, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Respectfully submitted on September 11, 2019.

By: *Thomas M. Melsheimer*
Thomas M. Melsheimer
TX Bar No. 13922550
tmelsheimer@winston.com
Michael A. Bittner
TX Bar No. 24064905
mbittner@winston.com
J. Travis Underwood
TX Bar No. 24102587
tunderwood@winston.com
**Winston & Strawn LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500 – Telephone
(214) 453-6400 – Facsimile

E. Danielle T. Williams
NC Bar No. 23283
dwilliams@winston.com
**Winston & Strawn LLP**
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350-7700 – Telephone
(704) 350-7800 – Facsimile

Matthew R. McCullough
CA Bar No. 301330
mrmccullough@winston.com
**Winston & Strawn LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500 – Telephone
(650) 858-6550 – Facsimile

Jack Wesley Hill
TX Bar No. 24032294
wh@wsfirm.com
**Ward, Smith & Hill, PLLC**
P.O. Box 1231 1507 Bill Owens Parkway
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Counsel for Defendant
Wells Fargo Bank, N.A.*

### CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 40).

/s/ *Michael Bittner*
Michael Bittner

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A).

/s/ *Michael Bittner*
Michael Bittner