**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **UNITED SERVICES AUTOMOBILE ASSOCIATION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**WELLS FARGO BANK, N.A.,**<br><br>**Defendant.** | **Case No. 2:18-cv-245-JRG**<br><br>**FILED UNDER SEAL** |

**DEFENDANT WELLS FARGO BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT**

Summary judgment is appropriate because there is simply no dispute that Wells Fargo has not engaged in conduct, either pre- or post-suit, that can support a finding of willful infringement.

## I. There is no evidence that Wells Fargo willfully infringed post-suit because it has a good faith belief that it does not infringe.

As an initial matter, USAA contends that Wells Fargo's motion must be denied because it failed to address post-suit conduct. Not so. Wells Fargo has carried its initial burden by identifying the portions of the record indicating the absence of a genuine issue of material fact on an issue for which USAA carries the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Wells Fargo "need not *negate* the elements of" USAA's case, but must only point out the absence of evidence supporting its case. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Now that USAA has come forward with its allegation that Wells Fargo willfully infringed the Asserted Patents post-suit, Wells Fargo is entitled to reply.

Regarding USAA's allegations of post-suit willful infringement, the undisputed record reveals Wells Fargo has a legitimate and good faith belief that it does not infringe the Asserted Patents. Wells Fargo's non-infringement expert identifies limitations which are not infringed by Wells Fargo's Mobile Deposit application. *See generally* Ex. T, Villasenor Rep. ¶¶ 74–200, 209. [REDACTED]. Ex. T, Villasenor Rep. ¶¶ 109–110. USAA received an allowance based on this distinction. Similarly, Wells Fargo's expert Van Horn testified as to the prosecution history of the Asserted Patents, including a discussion of certain Office Actions in the prosecution history, and the steps USAA took to get around certain prior art, including *Graham*. Ex. U, Van Horn Rep. ¶¶ 43–75.

Both Villasenor's and Van Horn's analyses show that Wells Fargo has a reasonable and

good faith belief that it does not infringe the Asserted Patents, namely that because Wells Fargo's process analyzes the images after they are acquired, as opposed to "when," Wells Fargo's product does not satisfy the "when" limitation. Ex. T, Villasenor Rep. ¶ 111; Ex. U, Van Horn Rep. ¶¶ 43–76. USAA did not move for summary judgment on infringement, effectively conceding that Wells Fargo's non-infringement defenses are reasonable. As Wells Fargo has a reasonable, good faith belief that it does not infringe the Asserted Patents, it does not willfully infringe. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1928 (2016) (defendants acting "in ignorance or good faith" should not be subject "to the same treatment as the 'wanton and malicious pirate'").

The evidence that USAA contends creates a fact issue as to post-suit willful infringement does not warrant a different result. Specifically, the only evidence USAA points to is testimony that it is technologically possible for Wells Fargo to remove the autocapture functionality from its Mobile Deposit App. *See* Resp. at 3, 9. However, given Wells Fargo reasonably and in good faith believes that it does not infringe the Asserted Patents, it need not remove the autocapture functionality so as not to infringe, and the evidence pointed to by USAA does not create a fact issue as to willfulness. *See M & C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-CV-2372, 2018 WL 4620713, at *5 (S.D. Tex. July 31, 2018) ("Assuming for the sake of argument that the complaint put Igloo on notice of the existing patents, and Igloo continued its manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness.").

## II. There is no genuine issue of material fact that Wells Fargo lacked knowledge of the Asserted Patents prior to suit.

The law is clear that knowledge of the asserted patent is a prerequisite for a finding of willful infringement. *WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016). There is

no competent summary judgment evidence to suggest Wells Fargo had knowledge of the Asserted Patents prior to the lawsuit, and the Court should thus grant summary judgment.

USAA fails to create a genuine issue of material fact to the contrary. USAA points to the following evidence which it contends precludes summary judgment of no willful infringement, none of which create a genuine issue of material fact justifying sending this issue to the jury: (a) Wells Fargo was aware of USAA engaging in the mobile deposit space prior to incorporating autocapture into its Mobile Deposit product; (b) Mr. Calman, who admits that he is not an expert on patent procedure, opines that USAA's nonpublished patent applications were, in fact, available to the public; and (c) Wells Fargo received notice of the '779, '517, and '571 patents in February 2018. None of these "facts" actually create a genuine factual dispute regarding Wells Fargo's pre-suit knowledge, and thus summary judgment of no willful infringement must be granted.

Regarding USAA's allegations that Wells Fargo knew of USAA's developments in the mobile deposit field, USAA fails to connect Wells Fargo's legitimate research into the competitive landscape to any aspect of the patented inventions. Additionally, Wells Fargo has moved to strike the opinions of USAA's expert regarding allegations that Wells Fargo and/or Mitek copied USAA, on the grounds that he lacks personal knowledge of the evidence, and cannot opine on Wells Fargo's subjective state of mind. Dkt. No. 142, at 5–6 (incorporated herein by reference).

Moreover, USAA's contentions that Wells Fargo knew that USAA was working in the mobile deposit space or believed that USAA had filed for patent application relating to mobile deposit are completely negated by the undisputed evidence in the record that Wells Fargo searched for USAA's patent applications and patent filings relating to mobile deposit and did not find anything because USAA chose not to publish its patent applications. As an initial matter, the applications for the '517 Patent and '090 Patent were not published or cited in any pending patent

applications, and thus there is no evidence that the applications for the ’517 or ’090 Patent were publicly available prior to issuance. Moreover, USAA fails to respond to the argument that even if Wells Fargo could be deemed to have knowledge of the ’779 or ’571 patent ***applications***—which, for the reasons explained in its Motion, Wells Fargo disputes—such knowledge does not constitute evidence of public knowledge of the ***issued patents*** for purposes of the willful infringement inquiry. Put simply, patent applications are not patents, and “knowledge of a patent application alone is insufficient to meet the knowledge requirement for either a willful or induced infringement claim.” *Software Research, Inc. v. Dynatrace LLC*, 316 F. Supp. 1112, 1133 (N.D. Cal. 2018).

Regarding the February 2018 Epicenter email, because the email undisputedly does not reference the ’090 patent, there is no evidence that Wells Fargo had knowledge of the ’090 patent prior to suit. Additionally, USAA does not dispute that, under the clear terms of the agreement between USAA and Wells Fargo, the February 2018, Epicenter email and information exchanged therein cannot be used in any adversarial proceeding, or for any purpose other than in the negotiations between the parties regarding a potential license. *See* Ex. O. Accordingly, the email is inadmissible at trial, and cannot create a fact issue at summary judgment.

Even assuming the Epicenter email is admissible and creates a genuine issue of material fact as to Wells Fargo’s knowledge of the ’779, ’517, and ’571 patents as of February 2018, USAA fails to explain how the email shows that Wells Fargo had knowledge of the Asserted Patents so as to willfully infringe them as of the date each of the Asserted Patents issued starting in 2014. “[C]ulpability is generally measured against the knowledge of the actor at the time of the challenged conduct.” *Halo Elecs.*, 136 S. Ct. at 1933.

## III. Conclusion

For the foregoing reasons, the Court should grant Wells Fargo's motion.

Respectfully submitted on September 11, 2019.

By: *Thomas M. Melsheimer*

Thomas M. Melsheimer
TX Bar No. 13922550
tmelsheimer@winston.com
Michael A. Bittner
TX Bar No. 24064905
mbittner@winston.com
J. Travis Underwood
TX Bar No. 24102587
tunderwood@winston.com
**Winston & Strawn LLP**
2121 North Pearl Street, Suite 900
Dallas, TX 75201
(214) 453-6500 – Telephone
(214) 453-6400 – Facsimile

E. Danielle T. Williams
NC Bar No. 23283
dwilliams@winston.com
**Winston & Strawn LLP**
300 South Tryon Street, 16th Floor
Charlotte, NC 28202
(704) 350-7700 – Telephone
(704) 350-7800 – Facsimile

Matthew R. McCullough
CA Bar No. 301330
mrmccullough@winston.com
**Winston & Strawn LLP**
275 Middlefield Road, Suite 205
Menlo Park, CA 94025
(650) 858-6500 – Telephone
(650) 858-6550 – Facsimile

Jack Wesley Hill
TX Bar No. 24032294
wh@wsfirm.com
**Ward, Smith & Hill, PLLC**
P.O. Box 1231 1507 Bill Owens Parkway
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Counsel for Defendant*
*Wells Fargo Bank, N.A.*

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that under L.R. CV-5(a)(7)(B) that the foregoing document is filed under seal pursuant to the Court's Protective Order entered in this matter (Dkt. No. 40).

/s/ *Michael Bittner*
Michael Bittner

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a). Therefore, this document was served on all counsel who are deemed to have consented to electronic service pursuant to Local Rule CV-5(a)(3)(A).

/s/ *Michael Bittner*
Michael Bittner